IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| Interpool, Inc. d/b/a TRAC Intermodal | * | |
| Plaintiff, | * | Civil Action No. 14-cv-00133 |
| v. | * | |
| Green Light Cartage Inc., | * | |
| Defendant, | * | |
| and | * | |
| American President Lines, Ltd., | * | |
| COSCO Container Lines Americas, Inc., | * | |
| Maersk, Inc., | * | |
| Garnishees. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT WITH
REQUEST FOR WARRANT OF ARREST AND
FOR WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Interpool, Inc. d/b/a TRAC Intermodal ("Trac") sues Green Light Cartage Inc. ("Green Light") *in personam and quasi in rem*, pursuant to Federal Supplemental Admiralty and Maritime Rule B, as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, 28 U.S.C. § 1330, Supplemental Rule B, and Fed. R. Civ. P. 9(h).

2. Venue is proper in this Court because the Garnishees and their accounts owing to defendant, all property of defendant, on information and belief are located and can be found in

this District.  Defendant cannot be found in this District within the meaning of Supplemental Rule B.  Pursuant to Fed. R. Civ. P. 9 (c), plaintiff states that all conditions precedent to plaintiff's claims herein have occurred or been performed.

## The Parties

3.Trac is a Delaware corporation which provides and has provided marine equipment, including marine chassis, for the movement of cargo internationally in maritime commerce, including to defendant for delivery of marine cargo to consignees, to and from ports of the United States including the Ports of New York and New Jersey.

4.Green Light is a Illinois corporation, with offices at 611 Landmeier Rd #685, Elk Grove Village, IL 60009.  Green Light has utilized Trac's marine equipment, namely, chassis, taking them from chassis pools in certain marine ports and has refused to pay Trac, despite numerous demands for payment.  Green Light is currently indebted to Trac for at least $70,200, which sum does not include contractual recovery and related fees, attorneys fees, and interest accrued.  On information and belief, Green Light has provided carriage services to each of the named Garnishees and each is, or may be, indebted to Green Light.

5.American President Lines, Ltd., COSCO Container Lines Americas, Inc., and Maersk, Inc. are each individual corporations registered to do business in Maryland and have, or may soon have, property of Green Light.

## Count I - Breach of Maritime Contracts

6.Trac incorporates the above paragraphs as if specifically set forth herein.

7.Green Light has taken Trac's marine equipment, has used it to move maritime cargo, and has failed to pay Trac the contractual charges for such usage, or any other amount.

8.Green Light continues to use Trac's marine equipment without payment despite

Trac's demands that it stop such practices and pay for its past usage.

9. Trac therefore demands judgment against Green Light, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

10. Trac incorporates the above paragraphs as if specifically set forth herein.

11. On information and belief, Green Light has, or soon will have, property within this District held by Garnishees American President Lines, Ltd., COSCO Container Lines Americas, Inc., and/or Maersk, Inc. (collectively, the "Garnishees"), including but not limited to, accounts receivable owed to Green Light by the Garnishees.

12. Green Light cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Green Light tangible or intangible property or any other funds held any of the Garnishees on behalf of Green Light, up to the amount of at least the amount demanded herein to secure Trac's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

### Prayer for Relief

WHEREFORE, Plaintiff prays:

A. That in response to Count I , judgment be entered against defendant in the amount of at least USD $70,200, plus interest, costs and attorneys fees;

B. That in response to Count II, since defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of defendants' tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

C. That this Court award plaintiff such other and further relief that this Court deems just and proper.

Dated: January 16, 2014.

>/s/ J. Stephen Simms
> J. Stephen Simms (#4269)
> John T. Ward (#1507)
> Marios J. Monopolis (#29177)
> SIMMS SHOWERS LLP
> 20 South Charles Street, Suite 702
> Baltimore, Maryland 21201
> Tel:    410-783-5795
> Fax:    410-510-1789
> Email: jssimms@simmsshowers.com
>           jtward@simmsshowers.com
>           mjmonopolis@simmsshowers.com

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiff made available to me by plaintiff. Authorized officers of plaintiff are not readily available in this District to make verifications on plaintiff's behalf. I am authorized to make this verification on plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of defendant, finding no presence of the defendant in this District. There is no record of any general or resident agent authorized to accept service of process for defendant in this District.

> Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on January 16, 2014.
>
> /s/ J. Stephen Simms
> J. Stephen Simms